## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CASE NO. 1:15-CV-00001-RLV

| | |
|---|---|
| ROBIN A. ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSINER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Robin A. Adkins's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412(d)(1)(A) (the "Motion"). (Doc. 18). Attached to Plaintiff's Motion is Counsel George C. Piemonte's hour log. (Doc. 18-2). For the following reasons, Plaintiff's Motion (Doc. 18) is **DENIED WITHOUT PREJUDICE** with leave to file a new motion for attorney fees and a revised hour log.

The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses." 28 U.S.C. § 2412(b). Under the EAJA, "the district court must undertake the 'task of determining what fee is reasonable'" in light of the circumstances surrounding the particular case. *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). A district court is given "'substantial discretion in fixing the amount of an EAJA award'" and may grant applications for awards only if the request is reasonable. *Id.* at 254 (quoting *Jean*, 496 U.S. at 163). "The fee petitioner bears the burden of justifying a requested fee." *Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

This Court has reviewed the fee request and Mr. Piemonte's hour log and concludes that several items in the hour log are both unreasonable on their face and unreasonable in light of this Court's recent orders addressing identical issues with hour logs submitted by Mr. Piemonte in other cases. Most notably, Mr. Piemonte's continued attempt to bill for one half hour of time for reviewing this Court's three sentence scheduling order and entering two or three dates into his calendar is patently unreasonable and this Court has already concluded such in two prior cases.[1] (*See* Doc. 18-2); *see also Aschraft v. Berryhill*, 2017 WL 2273155, at *3 (W.D.N.C. May 24, 2017) (Voorhees, J.); *Whitted v. Berryhill*, Case No. 1:16-cv-00101-RLV (W.D.N.C. June 26, 2017). Accordingly, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** with leave to file a new motion *and* a new hour log containing only reasonable time entries. Plaintiff shall have up to and including August 21, 2017 to file a new motion for attorney fees and a revised hour log.

Signed: August 14, 2017

Richard L. Voorhees
United States District Judge

---

[1] The Court again reminds counsel for the Commissioner that the responsibility to ensure that fee requests and entries on hour logs in support of fee requests are reasonable not only falls on the Court but also falls on counsel for the Commissioner. Before consenting to a motion for attorney fees, counsel for the Commissioner has a duty to review the hour log in support of the motion for attorney fees and confirm that the hours alleged in support of the motion are reasonable. Continued consent by the Commissioner to fee requests containing unreasonable time entries may result in this Court *scheduling a hearing* on the matter.